**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Vance A. BIRKY, Defendant—**
**Appellant.**

**No. 03–30405.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided June 21, 2004.

Joshua A. Van de Wetering, Esq., USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

John Rhodes, Esq., David C. Avery, Esq., Federal Defenders of Montana, Melissa Harrison, Federal Defender, Missoula, MT, for Defendant–Appellant.

Before: PREGERSON, FERGUSON, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Vance A. Birky appeals his sentence, challenging the district court's drug quantity calculation for his total offense level and the court's criminal history calculation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

*A. Drug Quantity Calculation*

■ Birky argues that the district court lacked an adequate basis on which to calculate the drug quantity. We disagree. Where, as here, the authorities seize a drug quantity that does not reflect the scale of the offense, the sentencing court may "approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1 cmt.

n. 12; *see United States v. Bertrand,* 926 F.2d 838, 846 (9th Cir.1991).

The sentencing court here did not err in approximating the potential methamphetamine quantity by relying on Commander Michael Meehan's testimony. *See United States v. Basinger,* 60 F.3d 1400, 1409 (9th Cir.1995); *Bertrand,* 926 F.2d at 846–47. His testimony provided a "reliable evidentiary basis" for the court to reach its drug approximation. *United States v. Rosacker,* 314 F.3d 422, 426 (9th Cir.2002).

Jeffrey Eickert's statements in the Presentence Investigative Report provided a further basis for the court to estimate the drug quantity. While Eickert's statements were hearsay, courts may deem such statements by a co-defendant to be reliable even if such statements are self-serving and contrary to the testimony of the defendant. *See United States v. Berry,* 258 F.3d 971, 976–77 (9th Cir.2001). In fact, a court may rely on hearsay statements so long as they are accompanied by "some minimal indicia of reliability." *United States v. Petty,* 982 F.2d 1365, 1369 (9th Cir.1993).

We finally note that the court heeded our admonition that a "district court must err on the side of caution in choosing between two equally plausible estimates." *United States v. August,* 86 F.3d 151, 154 (9th Cir.1996). For the above reasons, the district court did not clearly err in calculating the drug quantity. *See Basinger,* 60 F.3d at 1409–10.

*B. Criminal History Point*

■ Birky relies on *Alabama v. Shelton,* 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002), to argue that his uncounseled guilty plea cannot result in an increase in his sentencing range. The

---

Court in *Shelton,* however, explicitly distinguished those cases that involved the "less exacting" standard involved with sentencing. *Id.* at 665. When sentencing, courts may use the mere evidence of prior criminal conduct to enhance a sentence. *Nichols v. United States,* 511 U.S. 738, 747–48, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). The district court, therefore, did not err in adding one additional criminal history point to Birky's sentence calculation.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.